All concurred, except CULLEN, J., who concurred in the result.

Judgment and order affirmed, with costs.

---

In the Matter of the Application of WILLIAM GRADY for a Peremptory Writ of Mandamus, Appellant, to GEORGE W. PALMER, as Comptroller of the City of Brooklyn, Respondent.

*Mandamus — a salary paid to a* de facto *officer not ordered paid a second time to another.*

Where the fiscal officer of a municipality has paid a salary, which has been certified to him on the pay rolls, to one *de facto* in office under color of title thereto and exercising its duties, he cannot be compelled by mandamus to pay the salary a second time to another person claiming it.

APPEAL by the relator, William Grady, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 21st day of October, 1896, denying his motion for a peremptory writ of mandamus, and dismissing an alternative writ theretofore granted.

*Almet F. Jenks,* for the appellant.

*Joseph A. Burr,* for the respondent.

GOODRICH, P. J.:

The relator, Grady, applied to the Special Term for a peremptory writ of mandamus, alleging in his affidavit that since February 1,

1886, he had been sealer of weights and measures of the city of Brooklyn for two terms in the second, and later for three terms in the fourth congressional district at the salary of $1,200 per annum, no part of which had been paid since May 1, 1895; that the respondent Palmer was comptroller and refused to pay the balance of his salary, $1,100. He did not allege that the respondent had any money in his hands applicable to that purpose.

Section 31, title 22 of the charter of the city of Brooklyn (Laws of 1888, chap. 583) authorizes the mayor on or before the 1st day of February, 1889, and every two years thereafter, to appoint sealers of weights and measures, one for each congressional district, at a salary of $1,200 per year, with duties and authority possessed by sealers of weights and measures throughout the State. And further, that " all vacancies occurring from any cause shall be filled for the unexpired term by the mayor."

The comptroller filed his answer, alleging that on May 2, 1895, the mayor appointed James T. Johnson to the office of sealer of weights and measures in the fourth congressional district, and from that time until February 29, 1896, the salary of said Johnson had been paid monthly by the comptroller in good faith and in the belief that said Johnson had been duly appointed to, was qualified for, and was performing the duties of, such office. There was also an affidavit of Johnson as to his appointment; that he had taken and filed the oath of office; had entered upon and continued in the performance of the duties of his office from that time up to the time of the application, and that the relator Grady during such time had not performed the duties of such office since January 1, 1895, when the term of office expired. There was also an affidavit by Glendenning, one of the sealers of weights and measures, that the board of estimate had made an appropriation for the salaries of such offices, and that the amount had been raised by taxes for such specific purpose.

On May 13, 1896, an order was made that an alternative writ of mandamus issue commanding the respondent to pay the relator's salary of $1,100. The respondent Palmer made return to the writ denying that any salary was due to the relator, and alleging that on May 31, 1894, said Johnson was appointed to the office in question;

that he qualified on June third, and entered upon and continued in the performance of the duties of such office until May 2, 1895, when he was reappointed, and had continued in the office and in the performance of his duties until the date of the application; that his name was duly certified on the pay rolls of the city, which were presented to the comptroller for payment, and that the latter had paid the salary of Johnson from June 3, 1894, to February 29, 1896, during all which time Johnson had, and Grady had not, performed the duties of said office.

There was a stipulation that the matters set forth in the return of the comptroller were true, except the allegation that Grady had not, and that Johnson had, performed the duties of the office, which allegation was left to proof at the trial, and on the trial evidence was offered to show that each party had performed the duties of the office during the time in question.

In the case of *The People ex rel. O'Brien* v. *Cruger* (12 App. Div. 536) the Appellate Division of the first department (at p. 537) held: "Where one moves upon notice of motion for a peremptory mandamus he is entitled to it only when there is no conflict of fact in the papers presented to the court on the hearing. The Code provides that a peremptory writ of mandamus can be issued upon motion only where the applicant's right depends upon questions of law. (Code Civ. Proc. § 2070.) In considering, therefore, whether the applicant here is entitled to a peremptory writ of mandamus, any averments contained in his papers which are denied in the opposing affidavits must be disregarded, and the facts set out in those affidavits must be assumed to be true. (*In re Haebler* v. *New York Produce Exchange*, 149 N. Y. 414; *People ex rel. Thompson* v. *Brookfield*, 6 App. Div. 398.)"

In the case of *McVeany* v. *The Mayor* (80 N. Y. 185) the plaintiff sued the city for his salary, claiming to have been elected alderman, while one Culkin claimed to have been elected to the same office. Culkin obtained the canvassers' certificate of election, took his oath of office, discharged the duties for that year and received from the city payment of his official salary for the year. The court held that he was thus *de facto* in office as the incumbent thereof, under color of title thereto, and "that the disbursing officer of a municipality is protected from a second payment of that compensa-

tion, and so is his superior, when he has once made payment to one actually in the office, discharging the duties of it with color of title, with his right thereto not determined against him by a competent tribunal." (P. 194.)

This opinion clearly controls the present appeal. Johnson was *de facto* in office under color of title thereto, and was exercising its duties. His salary was certified on the pay rolls to the comptroller ; the money to pay the salary of the office was appropriated, and the comptroller, having paid the same to him, cannot be compelled by mandamus to pay the salary over again to another person claiming the same.

The respondent's counsel cites the opinion of this court in the case of *Chittenden* v. *Wurster* (14 App. Div. 483), where the court held : " When the particular character and functions of an office or position are ascertained the question whether competitive examination for appointment to that place is practicable or not is a question determinable by the court, as matter of law, by the exercise of its judgment, and in the light not only of the proof, but of common knowledge as applied to the subject-matter."

It is not necessary, however, for us to, and we do not, express any opinion whether Grady or Johnson is entitled to the office *de jure*, nor whether Johnson was lawfully appointed to office in May, 1895, after the adoption of the new Constitution, in accordance with the section providing for the appointments in the civil service of the city.

The judgment is affirmed, with costs.

All concurred

Judgment affirmed, with costs.