THE PEOPLE ex rel. McDOUGAL v. JOHNSTON.

Where an Act by its own terms was not to go into effect till a certain day named, and one of its sections provides for an election on a day prior to the time in which the law was to go into effect, the election so held was a nullity, there being no law then in existence authorizing it.

APPEAL from the District Court of the Twelfth Judicial District.

This was a proceeding to try the right of the defendant to the office of supervisor of San Mateo County. He was elected to that office at

an election held May 12th, 1856, in pursuance of an authority supposed to have been given by the Consolidation Act of April 19, 1856. The Court below gave judgment for defendant, from which an appeal was taken on behalf of the people.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

The Act of April 19, 1856, "to repeal the several charters of the city of San Francisco," etc., did not go into effect until the first day of July 1856.

Section four of the schedule of that Act, which provides for an election in the county of San Mateo, to take place on the second Monday in May, 1856, was not law until the succeeding July, and therefore was no warrant for holding the election which took place, and the election consequently conferred no rights.

The judgment is reversed, and the District Court is directed to enter judgment for the plaintiff, ousting the defendant of his office.