[No. 11119.  In Bank. — November 30, 1885.]

BEN. H. MILLER, RESPONDENT, v. O. H. KISTER, APPELLANT.

CONSTITUTIONAL LAW — COUNTY GOVERNMENT — SPECIAL LEGISLATION. —
Section 4 of the act of March 18, 1885, amending the act of March 14,
1883, entitled "An act to establish a uniform system of county and
township governments," violates the provision of the constitution which
prohibits local or special legislation affecting the fees or salary of any
officer.

APPEAL from a judgment and order of the Superior Court of the county of Mono granting a peremptory writ of mandate.

The facts are stated in the opinion of the court.

*Attorney-General Marshall,* and *O. F. Hakes,* for Appellant.

*Fox & Kellogg,* for Respondent.

McKEE, J.—Application for a writ of mandate to compel the county auditor of Mono County to draw a warrant on the county treasury in favor of the petitioner for the sum of $250, which he claims to be due and owing to him by the county for his salary as county clerk of the county for the month of March, 1885.

The petitioner was elected at the general election in 1884. He qualified according to law, and entered on the discharge of his official duties on the first Monday in January, 1885. From that time until the 1st of April, 1885, he received compensation for his services at the rate of $250 per month, under the provisions of an act entitled "An act to establish a uniform system of county and township governments," approved 14th of March, 1883. (Stats. 1883, p. 299.)

By the provisions of that act Mono County, having a population of more than seven thousand and less than seven thousand five hundred, entered the class of counties known and designated as the thirty-fifth class; and the

compensation of the county clerk of the county was fixed at three thousand dollars per annum, payable monthly out of the county treasury, upon warrants to be drawn by the county auditor.   (Secs. 162, 163, 169, pp. 334, 354, 363, Stats. 1883.)

But on the 1st of April, 1885, when the petitioner made demand of the auditor for his usual warrant for the month of March, the auditor refused him a warrant for any greater sum than $133⅓, upon the ground that the legislature, by an act passed on the 18th of March, 1885, reduced salaries of county clerks of the thirty-fifth class to sixteen hundred dollars per annum.

The power of the legislature to regulate the compensation of all county and township officers in proportion to duties, and for that purpose to classify the counties of the state by population, is unquestionable.   In the exercise of that power the legislature, by the act of 1883, carried out the commands of the constitution upon those subjects; and the act has been adjudged by this court constitutional.   (*Longan* v. *Solano County*, 65 Cal. 122.)

But on the 18th of March, 1885, the legislature, by several enactments, revised the act of 1883, by amending the one hundred and sixty-second section " relating to the classification of counties," and " by amending and revising and subdividing into new sections " a number of the sections of the act, among which was section 163, relating to the compensation of county officers in counties of the thirty-fifth class, etc.   (Stats. 1885, pp. 166, 194, 195.)

The classification of Mono County was not changed by the amendments.   The county still remained in the thirty-fifth class.   But it was provided that the county officers of that class still " receive as compensation for the services required of them by law or by virtue of their office the following salaries, to wit:—

" 1. The county clerk sixteen hundred dollars per annum," etc.

The enactments of 1885 were made during the incumbency of the petitioner in office, and the act of 1883 was passed *before* his election, and was in force as law when he qualified and entered into office.

But it is well settled that salaried public offices, created by the legislature, are not held by contract or grant. The legislature has full control over them, unless restricted by the constitution, and may abolish them altogether, or impose upon them new duties or reduce their salaries. (*Attorney-General* v. *Squires*, 14 Cal. 12; *Christy* v. *Board of Supervisors*, 39 Cal. 3.)

Yet, in exercising its powers over such offices and officers, the legislature must control and regulate them; by general laws free from any unconstitutional provision.

The amendatory acts passed in 1885 must be regarded as general laws upon the subjects embraced by them i. e., the classification of counties and the compensation of officers within the classified counties. But as general laws, the legislature restricted their operation as follows:—

" Sec. 3. The salaries herein provided shall not take effect nor be in force until the expiration of the terms of the present officers, except as hereinafter provided.

" Sec. 4. The salaries herein provided for the officers of the tenth, thirty-fifth, and forty-sixth classes shall take effect and be in force from and after the first day of the first month next succeeding its passage."

By these sections the operation of the law upon the subject of the compensation of officers in the fifty-two counties of the state, except the counties of three classes, is suspended until the expiration of the terms of the then incumbents in office, and is put in force almost immediately upon officers of the three specified classes.

Unquestionably, the legislature has power to suspend the operation of the general laws of the state. " But when it does so," says Cooley, in his work on Constitutional Law, page 391, " the suspension must be general, and cannot be made in individual cases or for particular localities."

A law speaks from the time of its going into effect. (*People* v. *Johnson,* 6 Cal. 673.) In forty-five of the forty-eight classes into which the fifty-two counties of the state have been divided, the statutes of 1885 do not speak at all. They speak only in counties of three classes. In other words, after classifying the counties of the state and regulating the compensation of the county officers therein, the laws by which the classification and regulation are accomplished are declared inapplicable during the terms of office of officers of forty-five of the forty-eight classes, and applicable during the terms of office of three classes only; the operation of the law is therefore exceptional and eccentric, and is causative of discrimination between the officers upon which it is to operate. It in effect declares that the law shall not operate upon the large majority of county officers in the counties of the state, but shall operate upon the officers of three or four counties only. The very few are thereby excluded from the privileges accorded to the many. This the legislature could not do. The constitution requires that all laws of a general nature shall have a uniform operation. (Sec. 11, art. 1.)

Where particular persons are excepted from the operation of a general law, it destroys the uniformity of its operation. (*Omnibus R. R. Co.* v. *Baldwin,* 57 Cal. 165.) So it is said in *French* v. *Teschemaker,* 24 Cal. 544: "The legislature cannot discriminate or grant an indulgence to one which is not accorded to another. Every general law must have a uniform operation, that is to say, it must operate equally upon all persons and upon all things upon which it acts at all." Besides, the section of the law which produces such effect is special and local legislation, and objectionable to subdivision 29, article 4, of the constitution. As, therefore, section 4 of the act of 1885 (p. 195, Stats. 1885) has the effect of destroying the uniformity of the operation of the law, and is special and local in its character, it is an unconstitutional provision.

(*Christy* v. *Board of Supervisors,* 39 Cal. 3.)   That being the case, the petitioner is entitled during his incumbency in office to the compensation awarded him under the act of 1883.

Judgment and order affirmed.

MORRISON, C. J., concurred.

Ross, J., and MYRICK, J., concurring.—We concur in the judgment, on the ground that section 4 of the act of 1885 is in effect a special law as respects the counties therein referred to, which by the twenty-ninth subdivision, section 25 of article 4 of the constitution, the legislature is prohibited from passing.