[S. F. No. 4236.   Department Two.—November 27, 1907.]

## THE PEOPLE, Appellant, v. CHARLES EDLEMAN, Respondent.

NOTARY PUBLIC—TERM OF OFFICE—DEATH OF NOTARY—APPOINTMENT OF NEW NOTARY.—Under sections 791 and 793 of the Political Code the office of a notary public comes into actual being only when and as the governor names specific men for the places, and each notary is appointed to the particular office for the term of four years from the date of his nomination, and, as to his term and office, no notary is the legal successor of another.  Section 1003a of the Political Code, providing for the term of office of a person appointed to fill a vacancy in any office, does not apply to the office of a notary public.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney General, and George A. Sturtevant, Deputy Attorney General, for Appellant.

H. V. Morehouse, and J. E. Alexander, for Respondent.

HENSHAW, J.—This is an action to determine the title of Charles Edleman to the office of notary public of the city and county of San Francisco.  One F. C. Mosebach was a notary public and died before the expiration of his term.  On the ninth day of April, 1902, respondent was appointed notary public ''for the term prescribed by law in place of F. C. Mosebach, deceased.''  Thereafter, in 1903, the legislature passed the following law:  ''Except in the instances otherwise provided in the constitution, whenever a person has been or shall be appointed by the governor . . . to fill a vacancy in any office, or to fill an office when the appointment is not made until after the expiration of the preceding term, the appointee holds office only for the balance of the unexpired term as provided by the law creating the office.''  (Pol. Code, sec. 1003a.)  Under this statute when ''the balance of the unexpired term'' of Mosebach had come to an end, the governor appointed Hamilton A. Bower to succeed Edleman ''term expired.''  Edle-

man contended that he was appointed for the full term of four years, and the question thus presented is as to the application of section 1003a under the facts of the case. Nor is this consideration embarrassed by any question as to the authority of the legislature either to shorten or abolish an office or a term of office which, within the exercise of its powers, it has created. (*Miller* v. *Kister*, 68 Cal. 142, [8 Pac. 813].) Conceding full force to the provisions of section 1003a, the question for consideration is, is it applicable to notaries public, to their terms and offices? Herein it is to be noted that the office of notary public differs essentially from most offices of constitutional or legislative creation. It is *sui generis.* The law provides that the governor may appoint and commission any number of notaries public that he may deem necessary in all cities and counties of the state, saving that in the city and county of San Francisco the number shall not exceed eighty. (Pol. Code, sec. 791.) The term of office of a notary public is four years from and after the date of his commission. (Pol. Code, sec. 793.) The office, therefore, is one which, while having in a certain sense an inchoate existence by virtue of the legislative enactment, comes into full being only when and as the governor names specific men for the places. In any county in the state, other than the city and county of San Francisco, there may be as few or as many notaries public as the governor's judgment may suggest. And in the city and county of San Francisco, within the maximum limit of eighty, there may also be as few or as many as he may declare. But whenever he makes this declaration by naming a notary, as to the term of office, the law interposes and says that it shall be four years from the date of such nomination. It would seem apparent that the legislature regarded the term as attached to the incumbent, that it lived and died with him, and that a new term of four years sprang up with each new appointment. Therefore, as to his term and office, no notary is the legal successor of another. Each notary is appointed to the particular office for the specified term. It is to be borne in mind that section 1003a deals first, with the filling of vacancies in office, and, second, provides that such vacancies shall be filled for the unexpired term. If ten notaries in the city and county of San Francisco should die or resign, there would be no vacancies in office. If in the view of the governor there were still sufficient notaries

to transact the business, no further appointments would be called for, and it would mean that there were but seventy notaries in San Francisco, with the right to appoint ten more if necessity should require it. Elsewhere in the state the situation becomes even more plain. There the governor may appoint any number. If a notary actually in office in the county of Alameda should die or resign, and the governor should appoint a notary, how could it be said that he was appointing to a vacancy when the power is vested in him to appoint as many as he judges fit? Moreover, since, under the law, the term of a notary is made a full term of four years from the date of his commission, and as the death of a notary does not create a vacancy, it follows that each notary public when appointed is appointed, not for an unexpired term, but for the full term of four years.

To the somewhat anomalous office of notary public, therefore, section 1003a of the Political Code cannot and does not apply.

For this reason the judgment appealed from is affirmed.

Lorigan, J., and McFarland, J., concurred.