[No. 1296, July 26, 1910.]

# TERRITORY OF NEW MEXICO, Appellant, v. JOHN S. BEAVEN, Appellee.

## SYLLABUS.

1. The effect and not the form of the law determines its character as to whether, it is general or local and special.

2. Chapter 45, Laws of 1907, insofar it put the county classification into effect in Class A and suspending it as to the other classes, was special legislation.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice. Affirmed.

GEORGE S. KLOCK, District Attorney, for Appellant.

The appellee violated the conditions of his bond. Laws 1907, ch. 45, sec. 3; Laws 1905, ch. 60, sec. 11.

Laws 1907, ch. 45, sec. 6, not special legislation. Matter of N. Y. Elevated R. R. Co., 70 N. Y. 327; Ferguson v. Ross, 126 N. Y. 459; Verges v. Milwaukee Co., Wis., 93 N. W. Rep. 44; State ex rel. v. Cooley, 56 Minn. 540, 58 N. W. 150; State ex rel Skinner v. Bogert, Collector, 42 N. J. L. Rep. 407; Parker-Washington Co. v. Kansas City, Kansas, et al; 85 Pac. Rep. 781; 1 Lewis Sutherland Construction, 2 ed., p. 357; Hanlon v. Board of Co. Com., 53 Ind. 123; State v. Reitz, 62 Ind. 159; Clem v. State, 33 Ind. 418; Codlin v. Kohlhousen, 58 Pac. 499, 9 N. M. 565; State ex rel. the Attorney General v. The Judges of the Court of Common Pleas, 21 Ohio St. Rep. 1; City of Mount Vernon v. Evans & Howard Fire Brick Co., Illinois, 68 N. E. Rep. 208; City of Belville v. Wells, Auditor, 88 Pac. Rep. 49; Constitution, Article 2, sec. 17; Seabolt et al. v. The Commissioners of Northumberland Co., 187 Pa. St. Rep. 323; Harwood v. Wentworth, 162 U. S. 546; 2 Lewis Sutherland's Statutory Construction, 2 ed., sec. 497, p. 926; Ogden v. Saunders, 12 Wheat. 270.

MARRON & WOOD for Appellees.

Act of March 18, 1907, Chapter 45, making that
act apply at once to Class A counties, as thereby created
and postponing its effect upon the remainder of the Terri-
tory until the expiration of the terms of the then existing
officers, constituted the act local and special as to such
counties, and therefore within the prohibition of the Act
of Congress.   People v. Chautauqua Co., 43 N. Y. 10;
Sutherland on Statutory Construction, secs. 1275, 1276;
26 Enc. 683, 697 and cases cited; Matter of Henneberger,
155 N. Y. 421; Ferguson v. Rose, 126 N. Y. 464; 26 Enc.
683; Henderson v. Koenig, 57 L. R. A. 659; Maricopa Co.
v. Burnett, Ariz., 71 Pac. 908; New Jersey v. Somers
Point, 6 L. R. A. 57; Appeal of Ayers, Pa., 2 L. R. A. 577;
Davis v. Clark, 106 Pa. St. 377; Codlin v. Kohlhousen,
58 Pac. 499; City of Scranton v. Silkman, Pa., 6 Atl.
146; State v. Wood, 49 N. J. L. 88; People v. Cooper,
83 Ill. 588; ex parte Westerfield, 55 Cal. 552, 36 Am. Rep.
47; Harwood v. Wentworth, 162 U. S. 547; Gillson v.
Ruch Co. Coms., Ind., 11 L. R. A. 835; Gibbs v. Morgan,
39 N. J. Eq. 126; In re Church, 92 N. Y. 1; Miller v.
Kistern, 8 Pac. 813; Cooley on Constitutional Law 391;
People v. Johnston, 6 Cal. 673; Omnibus R. Co. v. Bald-
win, 57 Cal. 165; French v. Teschemaker, 24 Cal. 544;
Christy v. Board of Sup'rs., 39 Cal. 3; Divine v. Cook Co.,
84 Ill. 590; Nance v. Anderson, S. C., 39 S. E. 5.

## STATEMENT OF FACTS.

By an act entitled "An Act to regulate the Classifi-
cation of Counties and fixing the Salaries of Certain Coun-
ty Officials," Chapter 45, Laws of 1907, the legislature of
the Territory of New Mexico divided all the counties of
the Territory into five classes, designated as Classes "A",
"B", "C", "D" and "E" respectively, with respect to the
fees and percentages to be allowed county treasurers and
assessors.

1.   Before the passage of this Act the county treas-
urers were allowed fees to the amount of 4 per cent of the
sums collected by them each year as their compensation.
The Act of 1907 substituted a sliding scale of percentages
and fees by which the treasurers of the counties of Class

Territory v. Beaven.

"A" being all counties in which $200,000, or more should be collected, were to receive 2 per cent instead of 4 per cent; and in Class "B" counties which was to include all counties in which less than $200,000 and more than $150,-000 should be collected, said officer was allowed 2½ per cent instead of 4 per cent as formerly and so on.

Besides classifying the counties, the Act further provided: "That in case the fees and compensation of assessors and treasurers as provided for in this Act shall exceed the sum of forty-five hundred dollars ($4500) for any one year, the excess over and above such amount shall be paid to the credit of the General School Fund."

Each year's classification was to be based upon the collections of the previous fiscal year, which year in this Territory ends on December 31st.

The Act by its terms did not go into effect until January 1st, 1909, the date of the expiration of the terms of all the county officers throughout the Territory, but contained the following proviso: "Provided that as to Counties of Class "A" this Act shall be in full force and effect from and after its passage," so that as to Counties of Class "A" the Act became a law on the date of its approval by the Governor, March 18th, 1907.

The appellee was the duly elected and qualified treasurer of the County of Bernalillo at the time the law was passed, his term of office beginning January 1st, 1907, and ending December 31st, 1908.

The appellee retained the amount of fees and percentage he would have received under the law as it stood previous to the Act of 1907. The excess of this amount over and above his compensation as fixed by the latter act, the appellant brought this action to recover.

The appellee defended on the ground that the proviso making the Act immediately applicable to Class "A" was null and void because contrary to the Act of Congress, July 30th, 1886, which prohibits the territories of the United States from passing local and special laws "creating, increasing or decreasing fees, percentages or allowances of public officers during the term for which said officers were elected or appointed."

By the record it is shown that Bernalillo County was the only county in the Territory falling within Class "A" as fixed by said act, for the years 1907 and 1908.

Also that during the year 1906, there were four counties in the Territory other than Bernalillo County, in which county treasurers received fees and percentages in excess of $4,500.00 as follows: Grant, $4,975; Chaves, $5,728; Colfax, $5,532, and San Miguel, $6,092.

The court below held with the appellee and entered judgment dismissing the action of the appellant, from which judgment this appeal is taken.

### OPINION OF THE COURT.

MECHEM, J.—(After making the foregoing statement of facts, delivered the opinion of the court.)

The question presented here for determination is, did the legislature by the proviso contained in the Act of 1907, legislate locally and specially as to the treasurer of the County of Bernalillo? If this question is to be answered in the affirmative, then the proviso is null and void and of no effect, as coming within the prohibition enacted by Congress, against the passage of local and special laws by territorial legislatures, decreasing the fees and percentages of a public officer during his term of office.

The following facts appeared from public records at the time the act was passed:

(a) That the County of Bernalillo was the only county in the Territory which would fall within Class "A" for the year 1907.

(b) That by the law as it stood the treasurer of Bernalillo County would receive an annual compensation for the year 1907 more than $4,500.00.

(c) That by the Act of 1907 as put in immediate effect as to Class "A" the fees and percentages of the treasurer of Bernalillo County would be decreased during the term of office to which he was elected.

(d) That the county treasurers of the Counties of Grant, Chaves, Colfax and San Miguel would during the year of 1907 receive fees and percentages in excess of $4,500.00 and that their compensation would not be af-

Territory v. Beaven.

fected by said proviso contained in the Act of 1907 afore-said.

The effect and not the form of the law determines
**1** its character as to whether it is general or local and special. 26 Am. & Eng. Ency. 687.

The effect of this Act was that it was applicable to the County of Bernalillo and could be only applicable to said county, for the year 1907.

A local act is defined to be "one operating only within a limited territory or specified locality." People v. Chautauqua County, 43 N. Y. 10.

"Where a statute applies to and operates only in a certain locality in a state, it may be said to be both special and local. Local because it is confined in its operation to a particular locality; and special, both because it is confined in its operation to that locality and to the people of that locality." Sutherland on Statutory Construction, Sec. 1275.

The act by making the collections of 1906, then ascertained, the basis of the classification, and that classification so that no other county but Bernalillo could fall within Class "A" for the year 1907, and the proviso making the law immediately applicable to Class "A," the law could then operate only in the County of Bernalillo and was confined in its operation to that county and to the treasurer and assessor of that county.

Had the proviso contained the name of Bernalillo County instead of "Counties of Class 'A'" it could not have more clearly singled out that county as the one county in the Territory in which the law was alone to take effect; neither does it make any difference that the proviso made the act applicable to Counties of Class "A" as such. This for the reason that in making the limitation of $4,500.00 per annum applicable to the compensation of all the county treasurers, the legislature in effect disavowed any classification, for it is evident that if there were several counties in which treasurers had received and would receive compensation in excess of $4,500.00 yearly, the legislature in fixing the maximum of compensation in all of such counties could only have done so on the ground that none

of such counties were possessed of those distinguishing characteristics calling for different legislation; or to put it differently, that such counties by their similarity of relation to the legislative purpose were subjects of general and not special legislation. 26 Am. & Eng. Ency. 683.

II. As to the classification contained in the body of the act, it is not necessary, in view of the case we take, to decide whether as a classification it was good or bad.

We are concerned with the proviso making that general classification apply to one county.

The legislature was evidently of the opinion that in eleven out of the twenty-five counties of the Territory, the treasurers were being overpaid and by the classification the compensation of the treasurers in said eleven counties was reduced from 50 per cent to 10 per cent, but the proviso reduced the compensation of the treasurer of Bernalillo County by 50 per cent and as to the other over-paid county treasurers, the act was suspended until their terms of office should expire.

This court in the case of Codlin v. Kohlhousen, 58 Pac. 499, 9 N. M. 565, speaking through Justice McFie said: "There must be a substantial distinction, having reference to the subject matter of the proposed legislation, between the places excluded. The marks of distinction on which the classification is founded must be such, in the nature of things, as will, in some reasonable degree at least, account for or justify the restriction of the legislation."

Measured by this rule we find that: "the subject matter of the legislation" was a reduction of the fees and percentages of almost half of the county treasurers of the Territory. That there were no marks of distinction between the classification of counties of "A" and "B" classes except in the amount of reduction made; such a distinction, however would not account for or justify putting the classification into effect in Class "A" and suspending it as to the other classes. In other words, there was no distinction "so marked as to call for separate legislation." Lewis Sutherland Stat. Cons. 369.

The Supreme Court of California in Miller v. Kester,

8 Pac. 813, dealt with what appears to be the question now under consideration. A law was passed classifying the counties of the state into forty-eight different classes with respect to the salaries of county officers, and like our statute, suspended the operation of the law in forty-five of the classes until after the expiration of the terms of the three county officers, but put it into immediate effect in three of the classes. The court held the sections of the Act which put it into immediate operation in three specifield classes to be a special law as to the counties included therein.

The judgment of the lower court is right and is affirmed.

Justice Wright having been appointed since the submission of the case did not participate in this decision.