[No. 11002.   Department Two.   July 8, 1913.]

WILLIAM WALKER, *Respondent*, v. W. L. LANNING *et al.*, *Respondents*, BRATNOBER LUMBER COMPANY, *Appellant.*[1]

MECHANICS' LIENS—NOTICE — DUPLICATE STATEMENTS—SUFFICIENCY—PREMATURE NOTICE—STATUTES—TIME OF TAKING EFFECT. A duplicate statement of materials furnished for the construction of a building, mailed June 6, 1911, in compliance with, and one day prior to the taking effect of, Laws 1911, p. 376, § 1, amending the law relating to duplicate statements, was premature and ineffective for any purpose; since the amendatory act of 1911 was not retroactive, and the notice was not sufficient under the old law which required duplicate statements to be furnished with, and at the time of, each delivery.

Appeal by intervener from a judgment of the superior court for King county, Ronald, J., entered May 10, 1912, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien. Affirmed.

[1]Reported in 133 Pac. 462.

*Edwin H. Flick* (*C. E. Hughes*, of counsel), for appellant.
*Moncrieffe Cameron*, for respondent.

ELLIS, J.—This is an appeal by the intervener, Bratnober
Lumber Company, from a judgment denying a lien upon
certain property belonging to the defendants Pierano, for
the value of materials delivered at the request of the defend-
ant Lanning, their contractor. Materials for the construc-
tion of the building on the property were delivered by the
lumber company between May 6, 1911, and September 30,
1911. For the materials delivered between May 6th to and
including June 6th, the lien was allowed. But for the ma-
terial delivered between June 7th and September 30th, the lien
was refused, on the ground that the new law as to notice,
which went into effect on June 7, 1911, was not complied with,
in that the notice of the contemplated furnishing of the
subsequently delivered materials was given on June 6, 1911,
before the new law went into effect, and was hence premature.
Whether this notice, confessedly prematurely mailed, was suf-
ficient basis for a lien is the sole question presented for our
consideration.

The lien law of 1909, Rem. & Bal. Code, § 1133 (P. C. 309
§ 55), required successive notices to be sent to the owner at
the time of each delivery of materials. The act of 1911, Laws
1911, page 376, which went into effect on June 7, 1911,
amended the law of 1909, by requiring a single notice to be
delivered or mailed "not later than five days after the first
delivery of such material." It is admitted that the owner re-
ceived the written notice in due course of the mail and re-
tained it. On that circumstance the appellant bases its
contention that, the spirit of the statute having been met, the
lien should be sustained. It seems plain, however, that unless
the notice was given while the law under which it purports
to have been given was in force, there was no compliance with
that law either in letter or in spirit. There can be no com-
pliance with a nonexistent law. The real inquiry is, when

was the notice given? The duty of giving notice is imposed by the statute upon the materialman. It is his act which constitutes the notice. Neither the notice itself nor its efficacy is by the statute made to depend upon any disposition which may be made of the notice after he complies with the statute by a performance of the duty of delivering or mailing the notice which it imposes upon him. Whether the owner of the property sought to be charged reads the notice, loses it, destroys it, or keeps it, in no manner affects the fact of notice or its efficacy. Manifestly the notice was given, if at all, and the statute was complied with, if ever, at the time when the claimant mailed the notice. If he did not give the statutory notice then and by that act, he never did. The character or quality of that act cannot be changed by the subsequent retention and reading of the notice by the owner. There being no statute in force at the time the claimant did the only act which could constitute compliance with the statute, the act was no more a compliance than if the law had never been passed. If he could effectually comply by the advance performance of the duty imposed by the subsequently existing law by one day, then he could so comply by an advance performance of a week or a month. If he could comply by anticipating the future law, then, for the same reason and with equal logic, he could comply by anticipating the terms of that future law. He could comply by anticipating the first delivery of materials by a day, or any other period, provided only that the owner keep the notice until after the first delivery of materials. This may not be done, as is clearly shown by our decision in *Finlay v. Tagholm*, 60 Wash. 539, 111 Pac. 782.

In that case we held under the prior statute, Rem. & Bal. Code, § 1133 (P. C. 309 § 55), requiring a duplicate statement of all materials to be delivered or mailed to the owner "at the time" when such material is delivered, that a notice mailed at a subsequent time a few days, a week or a month after the delivery of the materials, furnished no basis for a lien. The

facts here are inverted but the reasons are the same. The lien is statutory; the notice is its statutory basis. Phillips, Mechanics' Liens (3d ed.), § 63. It must be given under and comply with the statute in force when it is given. When this notice was given, the old law was in force. It did not comply with that law. Conceding that it was in such form as prescribed by the law of the next day, still it was not given under that law. In either view, therefore, it must fail to furnish a basis for the statutory lien depending upon it. A law speaks for the first time when it goes into effect. Whether it has a retroactive effect depends not upon when it speaks, but how it speaks. This act of 1911 does not speak retroactively; it is not a curative act. It is plainly prospective in its operation.

"Until the time arrives when it is to take effect and be in force, a statute which has been passed by both houses of the legislature and approved by the executive has no force whatever for any purpose, and all acts purporting to have been done under it prior to that time are void." 36 Cyc. 1192.

See, also, State ex rel. Atkinson v. Northern Pac. R. Co., 53 Wash. 673, 102 Pac. 876; Harrison v. Colgan, 148 Cal. 69, 82 Pac. 674; Santa Cruz Water Co. v. Kron, 74 Cal. 222, 15 Pac. 772; Miller v. Kister, 68 Cal. 142, 8 Pac. 813.

The notice in this instance, giving it its utmost effect by reason of its retention by the owner of the property, was no more than actual notice. It will not do to say that the object of the notice is merely to give notice and that any notice which serves that purpose is a substantial compliance with the law. This would nullify the statute. It would make actual notice, however acquired or given, take the place of statutory notice. We have held to the contrary. Robinson Mfg. Co. v. Bradley, 71 Wash. 611, 129 Pac. 382.

We have been cited to no authority, and have found none, sustaining the appellant's contention.

The judgment is affirmed.

MAIN, MORRIS, and FULLERTON, JJ., concur.