[Civ. No. 4931.   Second Appellate District, Division Two.—February ·14, 1925.].

## PAUL GILMORE, Petitioner, v. RICHARD W. PEARSON, as Treasurer, etc., Respondent.

[1] MUNICIPAL CORPORATIONS—ELECTION OF CITY CLERK—PRIOR PASSAGE OF ORDINANCE INCREASING SALARY—RIGHT OF CLERK TO INCREASED SALARY—CONSTITUTIONAL LAW.—A city clerk of a city of the sixth class, who is elected to that position after the passage of an ordinance increasing his salary, but before the expiration of the thirty-day period prescribed by the act of

January 2, 1912, as amended by the act approved May 3, 1915 (Stats. 1915, p. 319), to the effect that "no ordinance passed by the legislative body of a city or town shall go into effect before thirty days from its final passage," is not entitled to the increased salary because the ordinance did not take effect until thirty days after its final passage, which was after his election and the commencement of his term of office, and such an increase is prohibited by section 9 of article XI of the constitution, which provides that "the compensation of any county, city, town or municipal officer shall not be increased after his election or during his term of office," and by the corresponding provision in section 855 of the Municipal Corporation Act.

[2] ID.—ORDINANCES—WHEN EFFECTIVE.—An ordinance speaks for the first time when it goes into effect. Until then it is not a law and has no force for any purpose.

[3] ID.—ORDINANCE IN FORCE AFTER ELECTION OF CITY CLERK—EFFECT OF PRIOR PASSAGE UPON SECTION 9, ARTICLE XI, CONSTITUTION, AND SECTION 855, MUNICIPAL CORPORATION ACT.—The fact that the ordinance increasing the salary of the city clerk was passed prior to the election and commencement of term of office of the city clerk did not render inapplicable section 9 of article XI of the constitution, and the corresponding provision in section 855 of the Municipal Corporation Act, where such ordinance did not take effect until after the election and commencement of term of office of said city clerk.

---

(1) 28 Cyc., p. 392, n. 32.   (2) 28 Cyc., p. 392, n. 35.   (3) 28 Cyc., p. 457, n. 20.

PROCEEDING in Mandamus to compel the Treasurer of the City of Whittier to pay the City Clerk increased compensation. Writ denied.

The facts are stated in the opinion of the court.

William M. Hiatt, Edmund H. Hinshaw and Ralph F. Graham for Petitioner.

Arthur G. Wray and Moore & Woods for Respondent.

FINLAYSON, P. J.—This is a proceeding in *mandamus,* commenced in this court, to compel respondent, as treasurer of the city of Whittier, to pay to petitioner, the city clerk of that city, the sum of $600, which he claims to be due

him as salary for two months commencing, respectively, April 21 and May 21, 1924.

The city of Whittier is a city of the sixth class, organized under the general laws of this state relating to municipal corporations. At the general municipal election held April 14, 1924, petitioner was elected to the office of city clerk for the term commencing April 21, 1924. Prior to his election the board of trustees, by an ordinance adopted by it and approved by its president on February 9, 1920, had fixed the salary of the city clerk at the sum of $150 per month. Thereafter, on April 7, 1924, an ordinance was adopted by the board of trustees and approved by its president whereby the salary of the clerk was increased to the sum of $300 per month. No referendum petition was ever presented to the board protesting against the passage of the last-mentioned ordinance. Petitioner claims that under the terms of that ordinance the salary of the city clerk was increased from $150 to $300 per month, and that, therefore, he should be paid for the two months in question a total sum of $600.

[1] It is contended by respondent that the ordinance passed by the board of trustees and approved April 7, 1924, did not take effect until thirty days after its passage; that it became effective, therefore, after petitioner's election and during his term of office; and that for this reason the increase in salary did not and does not apply to him, because section 9 of article XI of the state constitution declares that "the compensation of any county, city, town or municipal officer shall not be increased after his election or during his term of office." A similar provision is contained in that part of the Municipal Corporation Act which relates to cities of the sixth class, it being declared in section 855 of that act that "the clerk, treasurer, marshal and recorder shall severally receive, at stated times, a compensation to be fixed by ordinance of the board of trustees, which compensation shall not be increased or diminished after their election or during their several terms of office." (Stats. 1909, p. 148.)

The act providing for direct legislation by cities and towns—the act of January 2, 1912, as amended by the act approved May 3, 1915 (Stats. 1915, p. 319)—provides for

the enactment of ordinances by the initiative method and also for a referendum upon ordinances passed by the legislative body of a city or town. In the provisions dealing with the referendum we find the following: "No ordinance passed by the legislative body of a city or town [with exceptions which are inapplicable to the present case] shall go into effect before thirty days from its final passage"; and if, during such thirty days, a petition signed by the requisite number of qualified voters, protesting against the passage of the ordinance, be presented to the legislative body of the city or town, the ordinance "shall thereupon be suspended from going into operation," and it shall be the duty of the legislative body to reconsider the ordinance, and if it shall not thereupon entirely repeal the ordinance the legislative body shall submit it to a vote of the electors at a regular municipal election or at a special election to be called for that purpose, "and such ordinance shall not go into effect or become operative unless a majority of the voters voting upon the same shall vote in favor thereof."

Without citing any authority to sustain his position, petitioner advances the novel contention that the ordinance which increased the city clerk's salary "was merely in a state of suspended animation during the thirty days necessary for the invocation of the referendum," and that upon the failure of the electors to take the steps necessary to procure a referendum vote the ordinance immediately took effect as of the date of its passage—April 7, 1924. Wherefore he claims that the increase of salary was in force prior to his election and before the commencement of his term of office. The claim is devoid of merit. The act providing for direct legislation unequivocally declares that no ordinance of this character shall "go into effect" before thirty days from its final passage. [2] An ordinance speaks for the first time when it goes into effect. Until then it is not a law and has no force for any purpose. "A statute has not, *ex proprio vigore,* any force until it becomes a law of the land, and that is when, by its terms, it takes effect." (*Gilbert* v. *Ackerman,* 159 N. Y. 118 [45 L. R. A. 118, 120, 53 Pac. 753].) "A statute must be understood as beginning to speak the moment it takes effect, and not before." (*Price* v. *Hopkins,* 13 Mich. 318. See, also, *Miller* v. *Kister,*

68 Cal. 145 [8 Pac. 813].) "It must have the same construction as if passed on the day when it took effect." (*Rice* v. *Ruddiman,* 10 Mich. 135, 136.) "It was as though the legislature was in session on the day the act took effect, and passed the law on that day." (*Nickerson* v. *Winslow,* 22 Wyo. 259 [138 Pac. 184, 140 Pac. 834].) "The act of March 9th did not in terms prescribe when it should take effect, and hence *did not become a law* [italics ours] until the sixtieth day thereafter." (*Santa Cruz Water Co.* v. *Kron,* 74 Cal. 223 [15 Pac. 772].) " . . . an ordinance or statute, during the period when it remains subject to referendum, has no validity as a law." (*Cline* v. *Lewis,* 175 Cal. 320 [165 Pac. 916].) "The decisions are uniform in this state that, until the time arrives when it is to take effect and be in force, a statute which has been passed by both houses of the legislature and approved by the governor has no force whatever for any purpose, and all acts purporting to have been done under it prior to that time are void." (*Harrison* v. *Colgan,* 148 Cal. 76 [82 Pac. 677].) Mr. Bishop lays down the general rule in the following language: "A statute which is to become a law at a future date is a nullity in the meantime, and does not even operate as notice to persons to be affected by it, nor does a repealing clause in it put an end to the law to be repealed." (Bishop on Statutory Crimes, sec. 31.) "A law speaks for the first time when it goes into effect. Whether it has a retroactive effect depends not upon when it speaks, but how it speaks. This act of 1911 does not speak retroactively." (*Walker* v. *Lanning,* 74 Wash. 253 [133 Pac. 462].)

In the light of reason and of the above authorities the operative effect of this ordinance must be determined as of the time when it became a law, i. e., when it went into effect, which was thirty days after its passage. Until then the ordinance, notwithstanding its "final passage" by the board of trustees, had not become a law and had no force. Until it became a law, the compensation fixed for the office of city clerk remained at the sum at which it had been fixed by the ordinance of February 9, 1920—the sum of $150 per month. It follows, therefore, that the increase in the city clerk's compensation took place after, and not before, petitioner's election and the commencement of his term of office

and that, as to him or any other incumbent during the term for which petitioner was elected, the old ordinance measures and determines the compensation to be paid the city clerk.

[3] It next is contended by petitioner that neither section 9 of article XI of the constitution nor the corresponding provision in section 855 of the Municipal Corporation Act is applicable, for the reason that, so it is claimed, the mischief sought to be prevented by the inhibition of the organic law and of the statute is not a possibility where, as here, the ordinance increasing the compensation is passed prior to the office-holder's election. This argument was put forward by counsel in *Harrison* v. *Colgan, supra,* and was decided adversely to petitioner's contention. Our constitution expressly declares that its provisions are mandatory and prohibitory. Whatever may have been the reason for the inhibition, the people in their constitution and the legislators in their statutory enactment have declared, in terms plain and positive, that the compensation of a municipal officer shall not be increased after his election. This means that the law fixing the compensation must be *in force* at the date of the officer's election. "The constitution," says the court in *Cline* v. *Lewis, supra,* "clearly implies that there must be a law in force, fixing the compensation of every county and township officer at the date of his election." In *Harrison* v. *Colgan, supra,* the court says: "But in any event the constitution plainly forbids an increase during the term, and no exception is made in favor of a law passed before the term begins, but not in force until afterwards." (See, also, *Woods* v. *Potter,* 8 Cal. App. 46 [95 Pac. 1125].)

It follows from the foregoing that no incumbent of the office during the term for which petitioner was elected is entitled to receive the increase in compensation provided for in the later ordinance.

The alternative writ of mandate is discharged and the peremptory writ is denied.

Works, J., and Craig, J., concurred.