[Civ. No. 1892.   Second Appellate District.—January 26, 1917.]

## CURTIS C. LEGERTON, Petitioner, v. JOHN S. CHAMBERS, State Controller, Respondent.

PUBLIC OFFICERS—JUDGE OF SUPERIOR COURT—TIME FOR TAKING OFFICE. Until the Secretary of State has certified the result of the election to the Governor and the Governor has, upon examining the same, issued his commission, a person elected to the office of judge of the superior court for a "short" term, that is, the term intervening between the end of the term of the incumbent who was appointed to fill a vacancy and the commencement of the regular term next succeeding, is not entitled to take office.

ID.—DE FACTO OFFICER—SALARY.—As the collection of salary or compensation annexed to an office is an incident to the title to office, *de facto* officers, whose acts for the sake of public interest may be held legal, cannot recover compensation for their services.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

Curtis C. Legerton, *in pro. per.,* for Petitioner.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Petitioner herein was at the general election held in November, 1914, elected to the office of judge of the superior court in the county of Los Angeles for the "short" term; that is, the term intervening between the end of the term of the incumbent who was appointed to fill a vacancy and the commencement of the regular term next succeeding. In this case the short term ended upon the incoming of the newly elected officer, who was other than this petitioner, in January, 1915. The election took place on the 3d of November, and on the sixth day of December following petitioner received from the Secretary of State a commission signed by the Governor. Prior to that date, however, and on the nineteenth day of November, petitioner sought to qualify for the office by taking the oath and filing a copy thereof with the Secretary of State. He did in fact enter upon the duties of the office at that date, and so continued up to the time he received his commission, and afterward during the short term. On the eighteenth day of November, 1914, the board of supervisors of the county of Los Angeles completed the canvass of the returns, and petitioner alleges that said board thereupon "declared your petitioner elected to said office of judge of the superior court." These facts are set forth in the petition which was filed herein. The answer as made by the controller in effect raises issues of law, and the matter has been submitted upon the points and authorities filed by petitioner and a brief for respondent.

The two principal questions presented are: 1. Was petitioner, upon the canvassing of the vote as made by the board of supervisors of Los Angeles County, entitled to immediately assume office as an officer *de jure?* 2. If he was not so entitled and because of his assumption of the duties of the office

he became a *de facto* officer, was he under such circumstances entitled to the salary attached to the office? In many of the cases cited by the petitioner, all, however, from other jurisdictions, it is held that the issuance of a commission is not a necessary prerequisite to the determination of the fact that an officer has been duly elected. Under our statute, however, the various duties to be performed by not only the canvassing boards at the election, but the certifying officers thereafter, are held to be a part of the machinery of the election, until the performance of which there can be no legal determination as to the results. In the case of a superior judge the board of supervisors is without power to issue a certificate of election, because the office is viewed as a state office; the statute expressly excludes the board of supervisors from any such right when it provides that, after election returns have been canvassed, ''The county clerk must immediately make out and deliver to such person (except to the person elected superior judge) a certificate of election signed by him, and authenticated with the seal of the superior court.'' (Pol. Code, sec. 1284.) Section 1288 of the same code requires each county clerk, in the cases of ''officers chosen by the electors of the state at large, *or for judicial officers,*'' to make out a statement of the vote of his county as entered upon the records of the board of supervisors, and certify the same and transmit the statement to the Secretary of State. Section 1290 of the same code provides as follows: ''On the fortieth day after the day of election, or so soon as the returns have been received from all the counties of the state, if received within that time . . . the secretary of state must compare and estimate the vote, and make out and file in his office a statement thereof, and transmit a copy of such statement to the governor, except in the cases of senators and members of the assembly.'' Section 1291, immediately following, reads: ''Upon receipt of such copy the governor must issue commissions to the persons who from it appear to have received the highest number of votes for offices, except that of governor or lieutenant-governor, to be filled at such election.'' The provision as to the taking of an oath of office contains the requirement that the oath shall be subscribed and filed within thirty days after the officer has ''notice'' of his election or appointment, or before the expiration of fifteen days from the commencement of his term. (Pol. Code, sec. 907.) In *People* v. *Shaver,* 127 Cal. 350, [59

Pac. 785], speaking of the requirement that the county clerk shall issue a certificate of election to a candidate, our supreme court has declared that this procedure is something more than a mere form for the private advantage of the candidate. The court says: "It is the mode prescribed for the orderly announcement of the result of an election, and is as much a part of the machinery of the election as are the provisions for the canvassing of the returns and the registration of the result." The court cites *State* v. *Meder,* 22 Nev. 264, [38 Pac. 668], and *People* v. *North,* 72 N. Y. 128. The opinions in the cases last referred to fully sustain the quoted portion of the opinion of the court in the Shaver case. It must be concluded, therefore, that until the Secretary of State had certified the result of the election to the Governor and the Governor had upon examining the same issued his commission, the person elected was not entitled to take office. This is not a case where there was any failure on the part of the certifying officers to act within the time required by law; hence any questions which might be presented affecting such condition do not arise.

It has been repeatedly held that as the collection of salary or compensation annexed to an office is an incident to the title to the office, *de facto* officers, whose acts for the sake of public interest may be held legal, cannot recover compensation for their services. (*People* v. *Potter,* 63 Cal. 127; *Burke* v. *Edgar,* 67 Cal. 182, [7 Pac. 488]; *Anderson* v. *Lewis,* 29 Cal. App. 24, [154 Pac. 287].)

It follows as a necessary conclusion that the petitioner is not entitled to the writ, and the prayer of the petition is therefore denied.

Conrey, P. J., and Shaw, J., concurred.