[Civ. No. 3451. Second Appellate District, Division One.—February 17, 1921.]

## P. L. LOPEZ, Respondent, v. H. A. PAYNE, as County Auditor, etc., et al., Appellants.

[1] PUBLIC OFFICERS—RIGHT TO COMPENSATION—DE JURE CHARACTER. The right of a person in an office to collect compensation for his services depends altogether upon his *de jure* character, for the right to compensation is attached to the title to the office and not to the mere exercise of the functions thereof.

[2] ID. — TOWNSHIP CONSTABLE — HOLDING OVER AFTER CREATION OF ELIGIBLE LIST—DE FACTO OFFICER—COMPENSATION—LOS ANGELES COUNTY CHARTER.—In view of the provisions of the charter of the county of Los Angeles and the rules of the county Civil Service Commission, one appointed temporarily by the sheriff to fill a vacancy in the office of a township constable, there being no established eligible list of civil service candidates, was not entitled to compensation for the time that he performed services after the expiration of the twenty-day limitation period succeeding the creation of an eligible list, on the theory that he was a *de jure* officer under the rule of necessity, since the holding over in office was merely as a *de facto* officer.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Crail, Judge. Reversed.

The facts are stated in the opinion of the court.

A. J. Hill, County Counsel, and Edward T. Bishop, assistant County Counsel, for Appellants.

J. J. Wilson for Respondent.

JAMES, J.—Plaintiff prosecuted this proceeding to obtain a writ of mandate to compel defendant county auditor to issue to him a warrant upon the treasury of the county of Los Angeles for the sum of $274.84, alleged to be due and owing to plaintiff for services rendered in his official capacity as constable of the township of San Fernando. Three members of the county Civil Service Commission were made parties defendant for the purpose of requiring

1. Right of *de facto* officer to salary of office, notes, 140 **Am. St. Rep.** 164; 32 **L. R. A.** (N. S.) 949; **L. R. A.** 1918F, 587.

them to make the necessary certificate that plaintiff was entitled to the compensation demanded. There was a demurrer and answer, and, after hearing had, peremptory writ was issued in accordance with prayer of the petition. Defendants have appealed from the judgment.

It was admitted by the parties and found by the court that the office of constable of the township in question was one which was subject to the regulations of the civil service department of Los Angeles County, under the provisions of the freeholders' charter and rules of the commission made pursuant thereto. The county charter makes the sheriff of the county the head of the constabulary and gives that official power to appoint the constables. In the charter, and in those provisions establishing the civil service (art. IX, sec. 34), authority is given to the Civil Service Commission to make rules and to provide, among other things, for temporary appointments where no eligible list has been established by examination, and in that connection this provision occurs: "But no such temporary employment shall continue longer than sixty days, nor shall successive temporary appointments be allowed." The Civil Service Commission in making its rules adopted the following: "Whenever there are urgent reasons for filling a vacancy in any position for which no examination has ever been held, the head of the department may appoint some person to fill the vacancy to serve until an eligible list for such position is created and an appointment made therefrom, or until twenty days after such eligible list is created, if no appointment is made during the twenty-day period."

Further facts important to the determination of the controversy are: On the 4th of January, 1918, there was a vacancy in the office of constable of San Fernando township and, there being no established eligible list of civil service candidates, the sheriff appointed the petitioner to fill the place. Petitioner accepted the appointment and performed the duties of the office continuously until the 18th of August, 1918. After said appointment the Civil Service Commission, in order to establish an eligible list from which an appointment to the office might be made, caused a competitive examination to be held (in which examination petitioner did not participate, although it is admitted that he had notice of the holding thereof), and

on the twentieth day of March, 1918, regularly certified such eligible list as being in effect, which list contained the names of three persons who were eligible for and willing to accept appointment to the office. The sheriff failed to make appointment from such eligible list and the petitioner was allowed to and did continue to hold office up to the time before stated. Under the terms of the county charter the temporary appointment could be legally made only for a period of sixty days. Under the rule of the Civil Service Commission the temporary appointment would expire by limitation twenty days after the creation of a list of persons eligible to be appointed to the office. It is for the services rendered subsequent to the expiration of the twenty days referred to that compensation was sought to be secured by this proceeding. There seems to be no dispute between the parties but that the holding over of the petitioner in office after the creation of the eligible list was as a *de facto* officer merely, unless by reason of some rule of necessity a different conclusion should be enforced. Such a conclusion, if valid, must find its support in the argument that the demands of the community in the direction of having peace preserved in the township were of such paramount importance as to override the ordinary rule of law applicable to the condition. **[1]** For it is settled beyond the possibility of debate by the decisions that the right of a person in an office to collect compensation for his services depends altogether upon his *de jure* character, for the right to compensation is attached to the title to the office and not to the mere exercise of the functions thereof. (*Bannerman* v. *Boyle,* 160 Cal. 197, [116 Pac. 732]; *Anderson* v. *Lewis,* 29 Cal. App. 24, [154 Pac. 287]; *Legerton* v. *Chambers,* 32 Cal. App. 602–605, [163 Pac. 678]; *Norton* v. *Lewis,* 34 Cal. App. 621, [168 Pac. 388].)

**[2]** Respondent, in support of his argument that the rule of necessity demands that petitioner be held to have been a *de jure* officer and entitled to compensation during the hold-over period, cites the case of *People ex rel. Stratton* v. *Oulton,* 28 Cal. 44. We have carefully examined the facts and reasoning of that decision. Its chief claim to respect would seem to be the fact of its considerable age, it having been decided in 1865. In that case the court actually held that a state librarian who continued in office after the

term legally fixed by his appointment (there being no law expressly providing that the incumbent should hold until the appointment of his successor) was entitled to collect the compensation, for the reason that the state library was required to be kept open during certain hours and, if the plaintiff there did not see that it was open during the appointed time, it perchance might not be opened at all. Why the court should there have assumed that, upon the retirement of the incumbent and encumbering official, an appointment would not have been made to fill the place, we cannot understand. A board authorized to make such appointment existed and was possessed of the right to fill the vacancy. And what would be the result here if the trial judge can be said to have been correct in his conclusions? The result would be that any official affected by the county civil service regulations and having the power to appoint subordinate officers could, whenever the opportunity came to make a temporary appointment, continue his appointee in office until compelled by legal proceeding to act and perform the function with which the law invested him. We are not ready to conclude that this may be done, nor are we willing to assume that, had the petitioner here ceased to exercise the duties of constable of the township after the term of his appointment had ended, the sheriff would have been guilty of so grave a dereliction of duty as to have left the office unfilled. In addition to the fact that the sheriff was invested with the power to appoint the constables, there was imposed upon him by the charter the larger and more important duty as the head of the constabulary department of the county to see that the county was efficiently policed. The petitioner here was put upon notice of the limitation as to his appointive term. He declined to participate in the competitive examination, which might have resulted in establishing his eligibility to the office. His continuing in the service would seem to have been a mere act of speculation; a speculation upon the chance of a court lending its aid in nullifying both the charter and rules of the commission made to further the reasonable operation of the civil service system. In the case of the very plain provisions of the law we have no difficulty in concluding that the writ should not have been granted. While the point is not here involved, it should be under-

stood that we do not intend to declare that the rule of the Civil Service Commission can in any event have the effect to continue the term attached to a temporary appointment beyond the sixty-day period fixed as a maximum limit by the charter.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 18, 1921.

All the Justices concurred.