(April 25, 1922.)

## F. B. DOTSON, Respondent, v. CASSIA COUNTY, Appellant.

[206 Pac. 810.]

ELECTION CONTEST—SALARY OF DE JURE OFFICER PENDING APPEAL.

1. The salary of an office is an incident to the title to such office, and not to its occupation and exercise by a *de facto* officer.

2. The fact that a *de jure* officer has not performed the duties of his office, because they have been performed by a *de facto* officer, does not deprive him of the right to recover his salary.

3. Under the provisions of C. S., secs. 408 and 7298, a *de jure* officer who has been deprived of his office as the result of an election contest pending an appeal, upon the determination of

---

Publisher's Note.

1. Right of *de facto* officer to salary of office, see notes in 140 Am. St. 192; 16 Ann. Cas. 484; Ann. Cas. 1913B, 643; 32 L. R. A., N. S., 949; L. R. A. 1918F, 587.

such appeal in his favor is entitled to the salary of the office for the period during which he was so deprived of it.

4. *Held,* that in paying to the *de facto* incumbent of the office of probate judge of Cassia county the salary to which respondent was rightfully entitled, appellant county violated the express provisions of C. S., sec. 408, and respondent should not be prejudiced by such action.

APPEAL from the District Court of the Fourth Judicial District, for Cassia County.   Hon. Wm. A. Babcock, Judge.

Action by respondent to recover his salary as probate judge of Cassia county during the period for which he was deprived of such office as the result of an election contest pending appeal. Judgment for plaintiff. *Affirmed.*

T. M. Morris and W. R. Griswold, for Appellant.

If the ousted incumbent, notwithstanding that he was duly elected, fails to furnish the bond provided by sec. 7298, he loses the right to demand the salary. (*Chubbuck v. Wilson,* 151 Cal. 162, 12 Ann. Cas. 888, 90 Pac. 524.)

Respondent did not avail himself of the privilege afforded him by statute, but voluntarily surrendered the performance of his duties to another. This debarred his right to recover for the work performed by Harper (18 Cent. Digest, par. 322), and he cannot complain that the salary was earned and enjoyed by another. (15 Cyc. 483, par. 12, notes 26, 27.)

F. B. Dotson, *pro se.*

Unless otherwise specifically provided by statute, the rule that the salary is incident to the title to the office must prevail. (*Dorsey v. Smyth,* 28 Cal. 21; *People v. Oulton,* 28 Cal. 44; *Burke v. Edgar,* 67 Cal. 182, 7 Pac. 488; *Ward v. Marshall,* 96 Cal. 155, 31 Am. St. 198, 30 Pac. 1113; *People*

Publisher's Note.

4. State or municipal liability to *de jure* officer for salary paid *de facto* officer, see notes in 4 Ann. Cas. 673; 10 Ann. Cas. 1093; Ann. Cas. 1917D, 1137; Ann. Cas. 1918B, 916.

*v. Potter*, 63 Cal. 127; *Chubbuck v. Wilson*, 151 Cal. 162, 12 Ann. Cas. 888, 90 Pac. 524; *Havird v. County Commrs. of Boise County*, 2 Ida 687, 24 Pac. 542.)

Sec. 7298 provides specifically who shall receive or draw the salary pending a contest. No other person can draw such salary during that time. (*Bledsoe v. Colgan*, 138 Cal. 34, 70 Pac. 924.)

Payment to the *de facto* officer was wrongfully made, without regard to the rights of the party legally entitled to the salary. Therefore it is still owing to the rightful claimant. (*Tanner v. Edwards*, 31 Utah, 80, 120 Am. St. 919, 10 Ann. Cas. 1091, 86 Pac. 765; *Rasmussen v. Board of County Commrs.*, 8 Wyo. 277, 56 Pac. 1098, 45 L. R. A. 295; *Blydenburgh v. Board of County Commrs.*, 8 Wyo. 303, 56 Pac. 1106.)

BUDGE, J.—This action was brought by respondent to recover his salary as probate judge of Cassia county for the months of March to December, inclusive, 1919, and January and part of February, 1920.

From the facts of this case, which are stipulated, it appears that respondent was duly elected probate judge at the general election in November, 1918, and qualified as such and assumed the duties of his office on January 13, 1919. About December 2, 1918, Thomas E. Harper began proceedings in the district court to contest the election of respondent and on March 31, 1919, the court rendered its decree to the effect that Harper was the duly elected probate judge. On April 5, 1919, respondent surrendered said office to Harper, who held and performed the duties of the office until February 19, 1920. Respondent appealed from the judgment of the district court about May 6, 1919, and said judgment was reversed by this court on January 9, 1920. (*Harper v. Dotson*, 32 Ida. 616, 187 Pac. 270.) Respondent resumed the duties of his office on February 23, 1920. The salary for said office, which is $100 per month, was paid to Harper during the year 1919 and for the month of January, 1920.

Respondent duly presented a claim for $1,205.10 for salary to the board of county commissioners, which was disallowed by the board on April 12, 1920, from which action by the board he appealed to the district court, where judgment was rendered in his favor on September 11, 1920, for $1,166.60.

This appeal is from the judgment. Appellant makes five assignments of error, which raise but one question, viz., whether respondent is entitled to recover the salary of his office during the time the same was held and the duties thereof performed by Harper.

The general rule is that the salary of an office is an incident to the title to such office, and not to its occupation and exercise by a *de facto* officer. (*Anderson v. Lewis,* 29 Cal. App. 24, 154 Pac. 287.) The salary and emoluments of a public office attach to the office itself, and not to the individual discharging the duties of the office, except as he is an officer *de jure.* (*Jones v. Dusman,* 246 Pa. St. 513, Ann. Cas. 1916D, 472, 92 Atl. 707; *Flanary v. Barrett,* 146 Ky. 712, Ann. Cas. 1913C, 370, 143 S. W. 38.) The fact that a *de jure* officer has not performed the duties of his office, because they have been performed by a *de facto* officer, does not deprive him of the right to recover his salary. (*Baker v. City of Nashua,* 77 N. H. 347, 91 Atl. 872.) An officer *de facto,* acting even in good faith, under a claim of right to an office, is not entitled to recover the compensation provided by law to the exclusion of the officer *de jure* (*People v. Potter,* 63 Cal. 127; *Cobb v. Hammock,* 82 Ark. 584, 102 S. W. 382; *State ex rel. Evans v. Gordon,* 245 Mo. 12, 149 S. W. 638), unless there is no adverse contestant or *de jure* officer. (*Peterson v. Benson,* 38 Utah, 286, Ann. Cas. 1913B, 640, 112 Pac. 801, 32 L. R. A., N. S., 949.)

Our statutes appear to be in entire harmony with the rules above announced. C. S., sec. 408, provides that: "When the title of the incumbent of any office in this state is contested by proceedings instituted in any court for that purpose, no warrant can thereafter be drawn or paid for

35 Idaho—25

any part of his salary until such proceedings have been finally determined.''

C. S., sec. 409, provides that: ''As soon as such proceedings are instituted, the clerk of the court in which they are pending must certify the facts to the officers, whose duty it would otherwise be to draw such warrant or pay such salary.''

While C. S., sec. 7298, provides that the party against whom judgment is rendered by the district court in an election contest case, '' . . . . may appeal to the supreme court, and if the appellant be in possession of the office, such appeal shall not supersede the execution of the judgment of the court . . . . unless he give a bond with security, to be approved by the court, in a sum to be fixed by the court, and which shall be at least double the probable compensation of such officer for six months, which bond shall be conditioned that he will prosecute his appeal without delay, and that if the judgment appealed from be affirmed he will pay over to the successful party all compensation received by him while in possession of said office . . . . ''

Appellant filed no bond in this case, in accordance with the provisions of sec. 7298, *supra,* and no warrant could, therefore, be legally drawn or paid for any part of his salary until the proceedings were finally determined, and, an appeal having been duly taken, it is elementary that the proceedings were not finally determined until the disposition of the case on appeal.

The law thus clearly contemplates that the *de jure* officer shall be entitled to the salary of his office during his term.

C. S., sec. 7298, modifies C. S., sec. 408, to the extent that in case the party in office furnishes a *supersedeas* bond on appeal as therein provided, the salary may be paid to him pending the determination of the appeal. There is no statute which provides that the contestant adjudged to be entitled to the office by the district court shall furnish a bond that he will pay the compensation received by him while in possession of the office pending the appeal if the judgment of the supreme court should be adverse to him. This being

true, the failure on the part of the party in office to furnish a *supersedeas* bond upon appeal would leave sec. 408, *supra,* in full force and effect,. and prohibits the payment of the salary to either party pending final determination of the contest.

In some jurisdictions it has been held that payment to a *de facto* officer is a complete defense to an application of the *de jure* officer for *mandamus* to compel the payment of salary (*In re Grady,* 15 App. Div. 504, 44 N. Y. Supp. 578; *State ex rel. Cronin v. Eshelby,* 1 Ohio Cir. Dec. 592, 2 Ohio C. C. 468), but in other jurisdictions a contrary rule has been laid down to the effect that a *de jure* officer may recover his salary, regardless of the fact that it has already been paid to one claiming *de facto.* (*People ex rel. Blachly v. Coffin,* 279 Ill. 401, 117 N. E. 85; *State ex rel. Worrell v. Carr,* 129 Ind. 44, 28 Am. St. 163, 28 N. E. 88, 13 L. R. A. 177.)

In paying to the *de facto* officer the salary to which respondent was rightfully entitled, it is clear that appellant acted arbitrarily and in violation of the express provisions of sec. 408, *supra,* and respondent ought not to be prejudiced thereby.

*Chubbuck v. Wilson,* 151 Cal. 162,. 12 Ann. Cas. 888, 90 Pac. 524, is clearly distinguishable from the case at bar.

From what has been said it follows that the judgment should be affirmed, and it is so ordered. Costs are awarded to respondent.

Rice, C. J., and McCarthy, Lee and Dunn, JJ., concur.