[L. A. No. 9674. In Bank.—December 22, 1928.]

FRANCIS S. HAINES et al., Respondents, v. COMMERCIAL MORTGAGE COMPANY (a Corporation), Appellant.

Schweitzer & Hutton and N. F. Clary for Appellant.

Geo. L. Sanders for Respondents.

THE COURT.—This appeal is from an order of the superior court in and for the county of Los Angeles by the terms of which a receivership applied for and granted *ex parte* to the defendant was set aside and annulled upon the application of the plaintiffs, made promptly upon being advised of the making and entry thereof. The plaintiffs, as appears from the record, made two such applications, the first of which was, apparently for some defect in the form or sufficiency of the moving papers or of the notice given thereof, denied "without prejudice." The plaintiffs promptly renewed their motion and upon a hearing thereon the trial court granted the same, and in so doing ordered, adjudged, and decreed that its former order for the appointment of a receiver be annulled, revoked, set aside, and canceled, and that the receiver appointed thereby and qualified thereunder surrender and deliver over to the plaintiffs all properties of every kind, nature, and description coming into his possession under and by virtue of said order, appointing him such receiver. The appellant appeals from the order thus setting aside such re-

ceivership and makes two points upon this appeal. The first is that the prior orders of the trial court appointing such receiver and thereafter, upon the plaintiffs' first motion, refusing to set aside its *ex parte* order made in that behalf, rendered the matter of the regularity of the appointment of such receiver *res judicata*. There is no merit in this contention. ▮ An order made *ex parte* appointing a receiver may be set aside by the trial court making the same, upon seasonable application of the parties injuriously affected by said order and who had been given no opportunity to resist the same upon the application for and the granting of such *ex parte* order. ▮ The action of the trial court in the instant case in refusing to set aside such order upon the plaintiffs' first application therefor was "without prejudice" to a renewal of such application, and such renewal of the application having been seasonably made, neither the original order nor the order refusing to vacate the same without prejudice could be *res judicata* as to the rights of the plaintiffs upon proper application and notice to have vacated a receivership thus obtained. There is no merit, therefore, in appellant's first contention. ▮ Its second contention is also devoid of merit. It appears that the order vacating the receivership, from which this appeal has been taken, was made by a judge of the said superior court other than the judge who originally granted the receivership, and the appellant contends that the order of the judge in setting aside such receivership was invalid for the reason that in making the same he was exercising appellate jurisdiction over the order of the judge who granted the receivership. This contention is without merit. ▮ The superior court in and for the county of Los Angeles is a single court and the judges of the various departments thereof, in making or in vacating orders therein, are acting in the same capacity as though said court had but one judge, exercising all of its jurisdiction, and in so doing vacating whatever orders he might have theretofore inconsiderately made.

We therefore conclude that upon the face of the record as presented by the appellant's brief alone, this appeal is without merit and that the order assailed thereby should be and the same is hereby affirmed.