[Civ. No. 7616. First Appellate District, Division Two.—November 20, 1930.]

BAYSIDE FISH FLOUR COMPANY (a Corporation), Petitioner, v. I. ZELLERBACH et al., Respondents.

Roy Daily for Petitioner.

Eugene D. Bennett for Respondents.

STURTEVANT, J.—This is an application for a writ of mandate directing the defendant board to issue to the petitioner a revocable permit to take and use ten thousand tons of sardines to manufacture an edible fish flour. The petitioner alleges that it is a corporation having its principal place of business in San Francisco; that it owns and operates a " . . . manufacturing plant located in the city and county of Monterey, State of California . . . "; that it has been operating continuously since the year 1924 under and by virtue of a permit issued by respondents on the twenty-second day of August, 1925; and pleads *in haec verba* said permit; that on the eighth day of July, 1929, the petitioner applied for a *revocable* permit, and pleads *in haec verba* said application; that a hearing on said application was had on the twenty-ninth day of July, 1929; that on the fifth day of August, 1929, the defendant board entered in its minutes an order directing the issuance of a *revocable* permit for the season of 1928–29; that on the fifteenth day of August, 1929, the defendant board caused a letter to be sent to the petitioner advising the petitioner of its action and authorizing petitioner to proceed until the permit was actually issued; that thereafter from August 15, 1929, to February 14, 1930, the petitioner operated its manufacturing plant; that petitioner's plant has a capacity to handle ten thousand tons of sardines during each season, that is, from August 1st of one year until February 15th of the following year; and then in paragraph VI it is alleged "That petitioner is entitled under the law to have the Fish and Game Commission of the Department and Natural Resources of the State of California issue to petitioner a *revocable* permit, but which said commission refused to do although demand therefor has been made upon it and after

this petitioner has complied with all conditions precedent requisite to have said *revocable* permit issued.'' It thus appears that the petitioner alleges an application for a permit in 1924 and an application for a permit in 1929. Although it is not clear that such was the intention of the pleader, we will assume that in paragraph VI it attempted to allege another application. As to the last application we have quoted everything contained in the petition that purports to plead a compliance with the provisions of the statute.

Before proceeding further it should be noted that by chapter 551 of the Statutes of 1919, page 1203, the basic act to conserve fish was enacted. It took effect July 25, 1919. By its terms only offal might be used in a reduction plant without first obtaining a written permit from the defendant board. That statute was amended by chapter 340 of the Statutes of 1921, page 458, which took effect July 29, 1921. By its terms it authorized the use of fish in a reduction plant when the fish were to be reduced into a product for human consumption. The statute, in that behalf, authorized the issuance of an order by the defendant board, said order to be granted for a period not longer than a seasonal run. Chapter 340 of the Statutes of 1925, page 595, in effect July 23, 1925, by its terms authorizes the defendant board to issue permits to take sardines for the purpose of manufacturing the same into a product for human consumption. Chapter 525 of the Statutes of 1929, page 901, in effect August 14, 1929, with certain exceptions, prohibited the taking of fish or the using of fish in a reduction plant. One exception is addressed to plants engaged in '' . . . canning, drying, salting, smoking or pickling''. The other exception is worded as follows: '' . . . *provided further*, that the Fish and Game Commissioner may grant a *revocable* permit or permits in such amount and subject to such restrictions, rules or regulations as the Fish and Game Commission may adopt or prescribe to take and use fish by a reduction or extraction process for the manufacture of edible products fit for, intended to be used and in fact used for human consumption providing it shall be shown and appear to the satisfaction of the Fish and Game Commission that such use of such fish will not tend to deplete the species, or result in waste or deterioration of such fish;

and *provided, further,* that no such permit shall be granted unless at least fifty percent of the wet weight of the whole ground fish or all of the oil extracted from such fish is manufactured into such products within the State of California." It becomes necessary to notice when each particular law took effect. ██ A law speaks from the time it goes into effect. Until the time arrives when it is to take effect a statute has no force whatever for any purpose, and all acts purporting to have been done under it prior to that time are void. (23 Cal. Jur. 623; *Harrison* v. *Colgan,* 148 Cal. 69, 76 [82 Pac. 674].) ██ The permit granted August 22, 1925, rests on the provisions of chapter 340 of the Statutes of 1925. But all of the statutes except the act of 1929 are silent as to *revocable* permits. The application made on July 8, 1929, and the minute entry made by the defendant board on August 5, 1929, must find support, if any, in the act of 1925, because chapter 525 of the Statutes of 1929 did not take effect until August 14, 1929. But, as just stated, the act of 1925 contained no passage regarding *revocable* permits. The statutory conditions in the act of 1925 are not the same as the conditions imposed by the act of 1929.

The question then arises as to whether the petitioner has alleged facts showing that subsequent to August 14, 1929, it made an application under chapter 525 of the Statutes of 1929. It is sufficient to state that the pleader does not attempt to do anything in this behalf except to plead certain legal conclusions.

The defendants interposed a general demurrer and an answer. From what has been said above it is clear that the application can be disposed of by ruling on the demurrer and that it is unnecessary to take up the issues made by the answer.

The demurrer is sustained and the application is denied.

Nourse, P. J., and Spence, J., concurred.