[Civ. No. 6535.   Third Appellate District.—March 6, 1941.]

EL CAMINO LAND CORPORATION (a Corporation), Appellant, v. THE BOARD OF SUPERVISORS OF TEHAMA COUNTY et al., Defendants and Respondents; CLARENCE G. HILL et al., Interveners and Respondents.

A. L. Garvey and Curtiss E. Wetter for Appellant.

Claire Engle, District Attorney, for Defendants and Respondents.

L. C. Smith for Interveners and Respondents.

A. L. Cowell, as *Amicus Curiae,* on behalf of Respondents.

TUTTLE, J.—This is an appeal from a judgment denying to petitioner and appellant herein a writ of *mandamus.*

Petitioner is the owner of $275,000 par value out of a total of $423,000 par value of bonds issued by El Camino Irrigation District. It seeks by *mandamus* to compel respondent Board of Supervisors of Tehama County, California, to cause to be prepared an assessment roll of all assessable lands within said district situated within said county, and to levy an assessment thereon in an amount sufficient to pay and retire all matured bonds and coupons of said district then outstanding, as provided by section 39b of Act 3854, [Deering's] General Laws, 1937, commonly known as the California Irrigation District Act. Intervening plaintiffs and respondents are owners and in possession of land within the exterior boundaries of said district.

The court found facts which show that it was the legal duty of respondent board to levy the assessment, but further found certain facts of an equitable nature which precluded the issuance of the writ. The latter findings are as follows:

"It is true that in taking into account said bond issue and the interest accumulations thereon and the obligations of the land in said district to the holders of said securities by reason of said indebtedness that the reasonable market value of the land which would be required to bear the burden of a one hundred twenty-eight and twenty-six/100 dollar ($128.26) assessment per acre is as follows: Twenty-five per cent (25%) of the land within said El Camino Irrigation District has a value of twenty-five dollars ($25.00) per acre; ten per cent (10%) of the land within said District has a value of sixty dollars ($60.00) per acre; and approximately sixty-five per cent (65%) of the land within said district has a value of twenty dollars ($20.00) per acre, there being a nominal area thereof immediately adjacent to the California State Highway, a portion of which has a probable value for industrial purposes.

It is true that there are seven thousand five hundred forty-six (7,546) acres of land situated within the exterior boundaries of the El Camino Irrigation District and that said District has acquired and is now the owner of all of said land except two thousand sixty-two and forty-eight/100 (2,062.48) acres thereof, and that the assessment sought to be levied by petitioner herein would require a levy on each acre of land left in private ownership and not held by the district in the sum of one hundred twenty-eight and twenty-six/100 dollars ($128.26).

It is true that the revenues derived from the operation of the lands within said El Camino Irrigation District are wholly insufficient to pay said sum of one hundred twenty-eight and twenty-six/100 dollars ($128.26) per acre and that no part or portion of the lands within said District is able to bear the burden of such an assessment; and that a levy of one hundred twenty-eight and twenty-six/100 dollars ($128.26) per acre as requested and demanded by petitioner herein would yield no funds for the payment of bond interest and bond principal but would throw the affairs of said district into a more complicated state of chaos and confusion and would be fatal to the landholders in said district and said landholders owning lands would lose title thereto for non-payment of assessments without benefit to the bondholders or holders of matured interest coupons.

It is true that it is not within the ability of the lands within the said district, the title to which is now vested in private ownership, to pay an assessment in excess of those heretofore levied by the Board of Directors of the El Camino Irrigation District and that to levy a rate in excess of those heretofore levied by the Board of Directors of the El Camino Irrigation District would be detrimental to the bondholders and landholders alike and would tend to and would destroy to a marked degree the possibility of securing revenue for the bondholders of the El Camino Irrigation District.

It is true that to levy the assessment prayed for by petitioner would create a burden upon the lands situated within the El Camino Irrigation District so great and excessive that it would be neither practical nor possible for the landholders therein to pay the same and would yield no revenue to said district for the purpose of paying bond principal or bond interest and destroy its present meager ability to pay the cost of maintenance and operation of said district and thereby promote a collapse of the powers of said district to raise any sum by assessments upon the lands still remaining in private ownership causing said district to cease to function for lack of sufficient funds, destroying the security of creditors of said district and confiscating the equities of the landholders therein; and would result in gross inequities and serious damage; that the writ prayed for, if granted, would lead to chaos and confusion and would accomplish no useful purpose to the petitioner but only tend to destroy the district's ability to yield revenue to petitioner and lead to inequities detrimen-

tal to all parties and result in a public mischief and destroy the spirit of equity and said district could not discharge its trusts.

It is true that at the time of the filing of petitioner's petition herein and for a long time prior thereto the El Camino Irrigation District, in fact, was insolvent and/or unable to pay its obligations in full as they matured and that it has no funds or source from which to obtain funds with which to pay its obligations,—past, present or future,—in full, or in an amount comparable to the obligations due.

It is true that an assessment as required by petitioner would exceed the actual reasonable value of the lands upon which it would be levied from two to five times; and that it would be impractical and unreasonable to expect any material return therefrom, and the court finds it would result in no advantage to petitioner but would result only in disadvantages and impairment of equities of petitioner and intervenors and the El Camino Irrigation District.''

It is not contended by appellant that the findings are not supported by the evidence. No attempt is made by it to show wherein such findings lack evidentiary support. Appellant contends, in effect, that the findings do not support the judgment; particularly, that the findings quoted are not a defense to proceeding, and that, having established a bare legal right to the writ, it was the duty of the trial court to grant the relief sought.

■ ''The remedy of *mandamus* being of an equitable nature, presupposing a wrong to be redressed and a right to be restored, principles of equity are frequently resorted to in determining whether the writ should issue.'' (16 Cal. Jur., p. 769, sec. 8.)

''The issuance of the writ is not altogether a matter of right, but involves consideration of its effect in promoting justice. The granting or refusing of the writ lies, therefore, to a considerable extent, within the sound judicial discretion of the court where the application is made. *Cases may therefore arise where the applicant for relief has an undoubted right, for which mandamus is the appropriate remedy, but where the court may, in the exercise of a wise discretion, still refuse the relief.*'' (16 Cal. Jur., p. 768, sec. 7.)

In 38 C. J., pages 549, 550, it is said:

''Nevertheless, the court in the exercise of its discretion, may and should take into consideration a wide variety of cir-

cumstances in determining whether the writ should issue. It is elementary that the court is not bound to allow the writ merely because the applicant shows a clear legal right for which *mandamus* would be an appropriate remedy, even though without *mandamus* the applicant for the writ would be without remedy. Even under these circumstances the court may deny the writ where by its issuance the public would be injuriously affected, or where it would operate inequitably upon defendant, or where it would be nugatory or unavailing, or would injuriously affect the rights of third persons, or where there has been laches in seeking the remedy.''

In 18 R. C. L., pages 138, 139, section 53, it is stated:

''This discretion will not be exercised in favor of applicants unless some just purpose may be answered by the writ, and it would be wholly improper for the court to lend its aid to the effectuation of a palpable injustice, or to grant the writ where the relator does not come with clean hands. . . . Under the guise of enforcing a public right the writ will not issue if in fact it will operate to the detriment rather than to the benefit of the general public, or cause great disorder and confusion in the fiscal affairs and duties of the officers of a public or *quasi*-public corporation, or will be attended with manifest hardship and difficulties.''

In the case of *Clough* v. *Baber*, 38 Cal. App. (2d) 50 [100 Pac. (2d) 519], this court refused *mandamus* in a case where the legal duty of the officers of an Irrigation District was admitted and conceded, upon the ground that the issuance of the writ would result in an injustice. We there said:

''*Mandamus*, however, is an extraordinary remedy which is equitable in its nature. There is no absolute right to the writ. The necessity of issuing the writ must be clearly established. It will not issue in doubtful cases. It will not issue if the writ would result in grievous public or private wrong in conflict with the spirit of the statute, even though it be in compliance with the technical letter of the law. (*Duncan Townsite Co.* v. *Lane*, 245 U. S. 308 [38 Sup. Ct. 99, 62 L. Ed. 309]; *Hutchison* v. *Reclamation Dist. No. 1619, supra*; [81 Cal. App. 427 (254 Pac. 606)]; High's Extraordinary Legal Remedies, 3d ed., p. 12, sec. 9; 16 Cal. Jur. 776, secs. 13, 14.)''

We are of the opinion that under the law, as we have stated it, the facts found by the court were sufficient to invoke

its legal discretion in favor of denying the writ. It is unnecessary to recapitulate or further comment upon such facts. They speak for themselves.

Other questions are raised, but we do not deem it necessary to discuss them.

No abuse of discretion appearing in the refusal of the writ, the judgment should be, and it is, hereby affirmed.

Pullen, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1941.