[Civ. No. 14347.   Second Dist., Div. Two.   June 15, 1944.]

G. J. KENNELLY, Petitioner, v. J. M. LOWERY, as Auditor, etc., Respondent.

Cantillon & Glover for Petitioner.

J. H. O'Connor, County Counsel, and S. V. O. Prichard, Assistant County Counsel, for Respondent.

McCOMB, J.—This is an original application for a writ of mandate by which petitioner seeks to compel respondent to issue a warrant in his favor in the sum of $400, less legal deductions, for salary, alleged to be due petitioner as an official phonographic reporter of the Superior Court of Los Angeles County for the month of October, 1943.

These material facts alleged in the petition are admitted by the answer:

That pursuant to a resolution and order adopted by a majority of the judges of the superior court, July 27, 1943, petitioner was appointed, effective as of October 1, 1943, a regular official phonographic reporter for said court; and that under the terms of section 261b* of the Code of Civil Procedure petitioner is entitled to receive a salary of $400 for the month of October, 1943.

It is only necessary for us to decide two questions which will be stated and answered hereunder seriatim:

First: *Was petitioner a de jure official phonographic reporter for the superior court during the month of October, 1943?*

This question must be answered in the negative. ■ The law is established in California that a statute has no force whatever until the date it takes effect; that until the time arrives when it is to become effective the statute is inoperative

*Section 261b of the Code of Civil Procedure became effective August 4, 1943. (Statutes and Amendments to the Codes of 1943, chapter 1031, page 2968.)

for any purpose and all acts purporting to have been done under it prior to its effective date are void. (*People* v. *Righthouse,* 10 Cal.2d 86, 88 [72 P.2d 867]; *County of Fresno* v. *Brix Estate Co.,* 194 Cal. 85, 92 [226 P. 77]; *Harrison* v. *Colgan,* 148 Cal. 69, 76 [82 P. 674]; *Miller* v. *Kister,* 68 Cal. 142, 145 [8 P. 813]; *People* v. *Johnston,* 6 Cal. 673, 674; *Bayside Fish Flour Co.* v. *Zellerbach,* 109 Cal.App. 707, 710 [293 P. 834]; *Gilmore* v. *Pearson,* 71 Cal.App. 284, 287 et seq. [235 P. 665].)

■ Applying the foregoing rules to the facts admitted by the pleadings in the present case, since the statute (Code Civ.Proc., § 261b) under which petitioner claims to be an official phonographic reporter of the Superior Court of Los Angeles County did not become effective until August 4, 1943, his purported appointment as an official reporter by a majority of the judges of the Superior Court of Los Angeles County on July 27, 1943, was a nullity and of no effect.

Petitioner was not a de jure phonographic reporter of the court; he at best was a de facto reporter.

■ Second: *May a de facto phonographic reporter compel the payment of salary by obtaining a writ of mandate?*

This question must likewise be answered in the negative. The law is settled in this state that one who occupies a place merely in a de facto capacity is not, in the absence of a statutory provision to the contrary, entitled to a writ of mandate to collect the salary provided for the office or position. (*Lopez* v. *Payne,* 51 Cal.App. 447, 449 [196 P. 919]; *Legerton* v. *Chambers,* 32 Cal.App. 601, 604 [163 P. 678].)

As petitioner was merely a de facto phonographic reporter of the Superior Court of Los Angeles County, and there is no statute authorizing the issuance of a writ of mandate to assist him in collecting salary which he alleges is due him, he is not entitled to a writ of mandate.

In view of our conclusions it is unnecessary to discuss other questions urged by counsel.

For the foregoing reasons the alternative writ heretofore issued is discharged and a writ of mandate is denied.

Wood (W. J.), J., concurred.

MOORE, P. J.—I concur. However, I think that the nature and importance of the case require a treatment of its

merits rather than its disposition on account of the oversight of a technicality in the appointment of petitioner. Because the statute whereunder the position was created is new and because a similar situation may recur at any time, it is imperative that the status of the official phonographic court reporter under the new statute (Code Civ. Proc., § 261b, chap. 1031, Stats. 1943) be established by a decision upon the contentions presented by this case.

Prior to October, 1943, petitioner had been duly appointed by the judges of the superior court as one of its phonographic reporters who serve its fifty departments and he had been assigned to a particular judge "to work in the department to which that judge is assigned, so long as that department is in session." (Rule 5, Rules of Superior Court, Los Angeles County.) On a regular court day of that month, when his department was not in session, petitioner was not employed, and so reported to the presiding judge. On the same day a department of the same court sitting in Long Beach was engaged in the conduct of a judicial proceeding and the services of a reporter were required, whereupon the presiding judge pursuant to the same rule made an order directing petitioner to serve the Long Beach department. Petitioner refused the assignment, ignored the order and defied the court. Here we have rebellion—rebellion in a quarter where it should be least expected—resistance by an officer of a court against the very court that employed him. Whether he was serving de jure or de facto, he was a veteran court reporter, was familiar with the technique of court procedure and knew the paramountcy of obedience to judicial orders. He was familiar with rule 5 whereby the presiding judge is free to assign a reporter to another department where his services are required, when "the particular judge" to which he has been assigned is holding no session. Frustration of the court's orderly procedure must not be tolerated. No relationship however intimate, no personality, however winsome, may with impunity mock the authority of a court in its effort to maintain the mechanics for the administration of justice.

Rule 5 was adopted by the entire court and was designed for the guidance and the governance of the presiding judge in the administration of the court's business. It cannot by him be lightly set aside to accommodate the whim of one, or the pleasure of all, of the reporters of the court. In making assignments of reporters the presiding judge exercises the

power of the whole court (*White* v. *Superior Court,* 110 Cal. 60 [42 P. 480]; *Brown* v. *Campbell,* 110 Cal. 644, 648 [43 P. 12]; *Haines* v. *Commercial Mortgage Co.,* 206 Cal. 10, 12 [273 P. 35].) While it is true, as petitioner contends, that he was appointed by a majority of the judges, it is equally true that all the judges had adopted the rule conferring upon their presiding judge authority to act for the court in assigning unemployed reporters to busy departments. Hence the order assigning petitioner was valid.

Notwithstanding that every court has power to control the conduct of its ministerial officers and to compel obedience to its orders (Code Civ. Proc., § 128) and although petitioner had scorned the authority which had placed him in a position of honor and responsibility, he invokes the power of this court to reinforce him in his contumacious behavior. We dare not do so. There is no equity in his bill. While he stands in contempt of a valid order of the superior court he is in no position to demand from us relief from such order. (*El Camino Land Corporation* v. *Supervisors,* 43 Cal.App. 2d 351, 354 [110 P.2d 1076]; *Bashore* v. *Superior Court,* 152 Cal. 1, 4 [91 P. 801].) Where it appears that with reference to the very question at issue the conduct of a petitioner has been such as to render it inequitable to grant him relief by mandamus, the court may properly deny the writ. (*Bashore* v. *Superior Court, supra.*) Even though petitioner had clearly shown a legal right for which mandamus would be an appropriate remedy the court is not obliged to allow it. (*El Camino etc.* v. *Supervisors, supra.*) Petitioner has taken no steps to exculpate himself; has done no penance for his contempt. Having himself done no equity he seeks it in vain. (*El Camino etc.* v. *Supervisors, supra.*) To grant his petition would "result in grievous public wrong" (18 R.C.L. p. 138); would impair the prestige of the courts; would exalt the behavior of him who would enjoy the distinction and profit of a reporter's position but contemn the court at his pleasure or caprice.

Petitioner bases his claim upon the assumption that he holds a public office. That assumption has no legal basis. To him no part of the sovereign power is delegated. The performance of his duties is no part of the governmental function. His tenure is transient and incidental. (*Sharpe* v. *City of Los Angeles,* 136 Cal.App. 732, 737 [29 P.2d 797]; *Barry*

v. *County of Glenn*, 42 Cal.App.2d 76 [108 P.2d 81].) The reporter is an "adjunct of the court"; a part of its machinery; a ministerial officer. (*Stevens* v. *Truman*, 127 Cal. 155, 161 [59 P. 397].) He is not enumerated as a county officer. (Pol. Code, § 4103.) The reference in the code to the reporter as occupying an "office" is to be attributed to the poverty of our language and not to an intent on the part of the Legislature to invest him with the rights and prerogatives of one who exercises a part of sovereignty.

In view of these sentiments I think the decision of this court upon the facts of this case should serve as a warning to those officers of courts who would disdain orders duly made in the administration of the court's business as well as those made in the conduct of judicial proceedings.

A petition for a rehearing was denied July 5, 1944, and petitioner's application for a hearing by the Supreme Court was denied August 10, 1944.