[No. B027048. Second Dist., Div. One. Sept. 19, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
DEPENDABLE INSURANCE COMPANY, Defendant and
Appellant.

COUNSEL

Benjamin P. Wasserman for Defendant and Appellant.

Ira Reiner, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

ORTEGA, J.—

### INTRODUCTION

In an attempt to persuade this court to reverse an order of the superior court denying its motion to vacate a bail forfeiture and exonerate bond, defendant and appellant Dependable Insurance Company (appellant) has filed an opening brief claiming the nonexistence of a minute order which clearly appears in the clerk's transcript. Appellant has failed to include the reporter's transcript of the relevant hearing in its designation of the record on appeal. Notified that this court is considering sanctions for the filing of a

frivolous appeal, counsel has adopted a new position, as devoid of merit as the original.

## FACTS

Larry Craig (Craig), defendant in a criminal case, was in Department South J of the superior court on July 30, 1986. The matter was continued to August 4, 1986, and Craig was ordered to return. On August 4, 1986, as shown by the minute order appellant chooses to characterize as a "clerk's note," the matter was trailed to August 6, 1986, with Craig ordered to return.

That minute order contains errors. For example, a note in the caption states "Parties and counsel checked if present." Nothing is checked. Nonetheless, it is evident from the entire document that Craig was present with counsel and ordered to return to Department South J.

A Department J minute order dated August 6, 1986, shows the matter transferred to Department South E. This time there are check marks next to the names of the deputy district attorney and defense counsel. There is nothing to indicate the presence of Craig.

Another minute order dated August 6, 1986, shows the judge in Department E forfeiting the $20,000 bail and issuing a bench warrant for Craig's arrest.

On March 16, 1987, appellant's motion to vacate the forfeiture and exonerate the bond was denied.

## CONTENTIONS

Appellant's sole contention in his opening brief is that since nothing shows that Craig was, on August 4, ordered to appear on August 6, the order of the latter date forfeiting bail was a nullity because the court lacked the authority to issue it inasmuch as Craig was not scheduled to appear on August 6. At the hearing on the "Order to Show Cause re Sanctions,"[1] counsel abandoned that position and instead relied on the position taken in his brief filed in opposition to the order to show cause; i.e., that since there is nothing to indicate that Craig was present in Department J on August 6 when the matter was transferred to Department E, bail should have been

---

[1] We have complied with the requirements of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179], by conducting such a hearing. At that hearing, appellant's counsel and the People's counsel submitted the entire matter.

forfeited in Department J and Department E was without jurisdiction to do so.

## DISCUSSION

■ " 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193], italics omitted.)

■ In its designation of the record on appeal, appellant includes, inter alia, the following: "5. Clerk's Note dated August 4, 1986. *THIS DOCUMENT IS NOT A MINUTE ORDER BUT A HANDWRITTEN NOTE MADE BY THE CLERK.*" Thus, appellant clearly was aware of that minute order but has chosen to mischaracterize it. It is significant that appellant, although ordering reporter's transcripts of several proceedings, conspicuously omits the proceedings of August 4 from its request. Appellant's original contention (that Craig was not ordered to appear on Aug. 6) indisputably has no merit and any reasonable attorney would agree that an appeal brought on that basis is totally without merit.

■ Appellant's newly raised contention (that Department E had no jurisdiction to forfeit the bail) relies on the theory that each department of the Los Angeles Superior Court is a separate court with separate jurisdiction. That contention has no merit. There is but one Los Angeles Superior Court. (*Ford* v. *Superior Court* (1986) 188 Cal.App.3d 737, 741 [233 Cal.Rptr. 607]; *Williams* v. *Superior Court* (1939) 14 Cal.2d 656, 662 [96 P.2d 334]; *Haines* v. *Commercial Mtg. Co.* (1928) 206 Cal. 10, 12 [273 P. 35]; *White* v. *Superior Court* (1895) 110 Cal. 60, 67 [42 P. 480].)
■ Appellant concedes that had the judge in Department J been ill on August 6, a note on the door informing parties that all matters would be called in Department E would have conferred on Department E the authority to forfeit the bail. Counsel continues to claim, however, that since the Department J judge, rather than a note, ordered the transfer, jurisdiction was somehow lost in a ritual mishap. Any reasonable attorney would agree that such a position is totally without merit.

This appeal, indisputably having no merit, is frivolous by any standard. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179]; Cal. Rules of Court, rule 26(a).) Sanctions will be imposed. In determining to impose sanctions, and the amount thereof, we have considered the utter frivolity of this appeal, the undue burden on the legal system and consumption of this court's time, and the need to deter this type of

conduct in the future. (*Maple Properties* v. *Harris* (1984) 158 Cal.App.3d 997 [205 Cal.Rptr. 532].) Accordingly, sanctions in the form of a penalty in the amount of $5,000 are imposed.[2]

## DISPOSITION

The judgment is affirmed. Sanctions are imposed against appellant in the sum of $5,000, payable to respondent.

Hanson (Thaxton), Acting P. J., and Devich, J., concurred.

---

[2] In determining sanctions, we have considered the People's claimed costs and attorney fees of $1,012.47.